UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CECIL WALLACE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:16-cv-00462-WTL-DKL |
| BRIAN SMITH, HARLEY CRABB, MARK YOUNG, WILLIAM SPANENBERG M.D., LINDA VANNATTA, | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**II.**

With the exception of a trip to Kentucky, plaintiff Cecil Wallace has been confined at Putnamville for most of the time between May 2014 and the present. Mr. Wallace injured his back and had three surgeries prior to his incarceration. During his incarceration he has been in pain. He has sought relief from the medical staff at Putnamville but "they offer him minimal to no care whatsoever." Dkt. 1 at p. 2. In March 2016, Mr. Wallace was sent to the Louisville Metro Department of Corrections to be tried on outstanding charges in Louisville, Kentucky. While in Kentucky, the Judge issued an order stating "Corrections directed to allow tennis shoes to be accepted into [defendant's] property if provided by relative prior to transport back to Indiana." Dkt. 1-1 at 2. Mr. Wallace states that these shoes were "authorized by Medical Provider." Apparently, Mr. Wallace's relative was able to provide him with Nike Air Max shoes. These shoes are white with a black Nike swoosh design. Upon his return to Putnamville on July 12, 2016, staff confiscated his shoes and Mr. Wallace later had them sent out of the facility to a friend or relative.

Mr. Wallace filed a formal grievance and was told that per policy all shoes must be white. However, other offenders have shoes purchased from commissary that are primarily white with FILA written in black lettering. Mr. Wallace has named Superintendent Brian Smith, Custody Staff Supervisor Harley Crabb, Health Services Administrator Mark Young, Dr. William Spanenberg, M.D., and Offender Grievance Specialist Linda VanNatta as defendants. He seeks money damages and an injunction allowing him to have his shoes mailed back to the facility.

Mr. Wallace brings his claims pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As a preliminary matter, it is unclear if Mr. Wallace is complaining because he wants his Nike Air Max shoes with the Nike Swoosh on them or because he is in chronic pain and believes that softer, more supportive shoes of any brand will alleviate that pain.

If Mr. Wallace is complaining about the confiscation of his Nike Air Max shoes, then this case must be dismissed for failure to state a claim because there is no right to a particular brand of shoe in prison and there are obvious reasons for prison officials to prohibit the introduction of expensive shoes which can be viewed as a status symbol in the prison. In addition, the record reflects that the shoes were provided to Mr. Wallace from a relative, not from a medical care provider.

If, however, Mr. Wallace is complaining that he suffers severe chronic back pain which could be relieved at least in part from softer and more supportive shoes, then he may have a claim for relief. Review of Mr. Wallace's grievance documents, however, reflects that Mr. Wallace's focus is on the return of his Nike Air shoes (which have apparently been mailed to a family member) and not on getting evaluated for orthopedic shoes. In addition, there is no indication in the complaint that any of the defendants could be understood to have denied the plaintiff's request for orthopedic shoes such that they could be subject to personal liability. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions. . . .").

**III.**

The plaintiff's complaint must be dismissed for the reasons set forth above. The dismissal of the complaint will not lead to the dismissal of the action at present. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Instead, the plaintiff shall have **through February 27, 2017,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint if filed it shall be screened pursuant to 28 U.S.C. § 1915A. If no amended complaint is filed this action shall be dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 1/17/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CECIL WALLACE
DOC # 244363
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135